MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS
ASSISTANT ATTORNEY GENERAL
CAPITAL LITIGATION SECTION
2005 N. CENTRAL AVENUE
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 542-4686
CADOCKET@AZAG.GOV
(STATE BAR NUMBER 027536)

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Clarence Wayne Dixon,<br>　　　　　　Plaintiff,<br><br>　-v-<br><br>Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR), et al.,<br>　　　　　　Defendants. | CV 22–604–PHX–DJH (JFM)<br><br>**DEFENDANTS' RESPONSE TO EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT** |

Defendants Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR), David Shinn, Travis Scott, and James Kimble, respond in opposition to Plaintiff's Emergency Motion for Temporary Restraining Order or Preliminary Injunction. Dkt. # 7. Plaintiff's motion should be dismissed because ADCRR is now providing the relief Plaintiff seeks.

**A. Factual and procedural background.**

On April 5, 2022, the Arizona Supreme Court issued a warrant of execution for Plaintiff, with a scheduled execution date of May 11, 2022. On April 13, 2022, Plaintiff filed a five-count Complaint asserting violations of the Eighth Amendment; the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq.; and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, based on ADCRR's alleged failure to provide him with a blind aide while he has been

moved to a single-person cell and placed on continuous observation for the 35 days preceding his execution pursuant to ADCRR's Department Order 710, ¶¶ 7.1.5.1, 7.1.5.2.  Department Order 710, available at https://corrections.az.gov/sites/default/files/policies/700/0710_031021.pdf; *see also* Dkt. # 1.  Plaintiff also filed an Emergency Motion for Temporary Restraining Order or Preliminary Injunction.  Dkt. # 4.

Two days later, on April 15, 2022, counsel for ADCRR informed Plaintiff's counsel via email that, beginning on Saturday, April 16, 2022, ADCRR has assigned a CO III to act as Plaintiff's blind aide.  Exhibit 1.  ADCRR additionally agreed that the CO III's work with Plaintiff in this capacity does not result in any waiver of attorney-client or work product privilege on Plaintiff's part, and that any information subject to these privileges revealed to the blind aide remain confidential and may not be disclosed.  *Id.*  ADCRR has thus provided the relief Plaintiff seeks by granting him access to a blind aide during the special housing accommodations required by D.O. 710 for the 35 days preceding his execution.

**B. Temporary Restraining Order (TRO)/Preliminary Injunction Standard.**

The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction.  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *Cochran v. Rollins*, No. CV07-1714-PHX-MHMJRI, 2008 WL 3891578, at *1 (D. Ariz. Aug. 20, 2008).  And temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

"A preliminary injunction is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curium)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right."). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "Speculative injury does not constitute irreparable injury." *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) (citation omitted). "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

The movant has the burden of proof on each element of the test, regardless of the standard which is applied. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Moreover, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), *amended* 807 F.2d 769 (9th Cir. 1987) (citation omitted); *see Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399,

1403 (9th Cir. 1993) ("'mandatory preliminary relief' is subject to heightened scrutiny").

In addition, the Prison Litigation Reform Act ["PLRA"] imposes additional requirements on prisoner litigants who seek preliminary injunction relief against prison officials. The PLRA provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates; "no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**C. Plaintiff's request for a TRO or preliminary injunction should be denied as moot.**

Plaintiff's request for injunctive relief should be denied as moot because ADCRR has agreed to assign a CO III to act as Dixon's blind aide, as he has requested. Alhtough a private defendant's voluntary cessation of challenged conduct does not necessarily render a case moot, the courts "treat the voluntary cessation of challenged conduct by government officials 'with more solicitude … than similar actions by private parties.'" *Bd. of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (quoting *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)); *see also Am. Cargo Transp. Inc.*, 625 F.3d at 1180 ("[W]e presume the government is acting in good faith."). Here, ADCRR is currently providing and will continue to provide Plaintiff with a blind aide while under his current special housing accommodations and has also agreed with Plaintiff that any work-product or

4

attorney-client privileged information revealed to the blind aide remains privileged, confidential, and non-disclosable. His request for a temporary restraining order or preliminary injunction requiring ADCRR to provide this same accommodation is thus moot.

**D. Conclusions.**

Because ADCRR is now providing Plaintiff with the relief he seeks, his motion for a temporary restraining order or preliminary injunction should be denied.

Respectfully submitted this 18th day of April, 2022.

        Mark Brnovich
        Attorney General


        s/ Jeffrey L. Sparks
        Assistant Attorney General

        Attorneys for Respondents

# CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

Alison Y. Rose
Amanda C. Bass
Eric Zuckerman
Jennifer M. Moreno
Assistant Federal Public Defenders
Alison_Rose@fd.org
Amanda_Bass@fd.org
Eric_Zuckerman@fd.org
Jennifer_Moreno@fd.org

*Attorneys for Plaintiff*

s/ Liz Gallagher

SDBVC8QR0GGF57