Jon M. Sands
Federal Public Defender
District of Arizona
Alison Y. Rose (CA Bar No. 268937)
Amanda C. Bass (AL Bar No. 1008H16R)
Eric Zuckerman (PA Bar No. 307979)
Jennifer M. Moreno (CA Bar No. 244967)
Assistant Federal Public Defenders
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
alison_rose@fd.org
amanda_bass@fd.org
eric_zuckerman@fd.org
jennifer_moreno@fd.org
602.382.2734 Telephone
602.382.2800 Facsimile

*Counsel for Plaintiff*

Mark Brnovich
Attorney General
(Firm State Bar No. 14000)
Jeffrey L. Sparks (State Bar Number 027536)
Acting Chief Counsel
Capital Litigation Section
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-4686
Cldocket@Azag.Gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Clarence Wayne Dixon, | No. CV-22-00604-PHX-DJH |
| Plaintiff, | |
| vs. | DEATH-PENALTY CASE |
| Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR), et al., | |
| Defendants. | **STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

Plaintiff Clarence Wayne Dixon ("Plaintiff") and Defendants the Arizona Department of Corrections, Rehabilitation & Reentry ("ADCRR"); David Shinn, Director of the ADCRR; James Kimble, Warden, ASPC – Eyman; and Travis Scott, Deputy Warden, ASPC – Browning Unit (collectively, "Defendants") hereby stipulate and agree as follows:

**WHEREAS**, Plaintiff was declared legally blind in 2015 and is a qualified individual with a disability under the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504");

**WHEREAS**, ADCRR had previously designated Plaintiff as having "Medical ADA Restrictions/Special Needs" and provided him with accommodations including the use of several physical auxiliary aids and the assistance of a "blind aide" who has helped Plaintiff to navigate his surroundings by escorting him to and from medical appointments and visitation; completed prison-related forms and other paperwork, including health needs requests; helped him locate items in his cell and identify physical barriers and persons who have been in his immediate surroundings; read and transcribed correspondence, including letters, emails, and legal mail, and provided other assistance needed to accommodate Plaintiff's disability (hereafter, the "Blind Aide Services");

**WHEREAS**, on January 5, 2022, the State of Arizona moved the Arizona Supreme Court to set a briefing schedule on its anticipated motion for a warrant of execution for Plaintiff. *See* Motion to Set Briefing Schedule for Motion for Warrant of Execution, *State of Arizona v. Clarence Wayne Dixon*, No. CR–08–0025–AP (Ariz. Jan. 5, 2022);

**WHEREAS**, on February 9, 2022, the Arizona Supreme Court granted the State's motion and set a briefing schedule on the warrant for Plaintiff's execution that concluded on March 31, 2022. Order, *State of Arizona v. Clarence Wayne Dixon*, No. CR–08–0025–AP (Ariz. Feb. 9, 2022);

**WHEREAS**, on April 5, 2022, the Arizona Supreme Court issued a warrant of execution for Plaintiff, and his execution is scheduled to occur on May 11, 2022;

**WHEREAS**, on April 13, 2022, Plaintiff filed in the United States District Court

for the District of Arizona a civil action against Defendants and John Does, Unknown ADCRR Personnel, in their official capacities as Employees, Contractors, and/or Agents of the ADCRR, *Dixon v. ADCRR, et al.*, No. CV-22-00604-PHX-DJH (JFM), asserting claims for violations of the Eighth and Fourteenth Amendments to the United States Constitution, the ADA, and Section 504 (the "Lawsuit");

**WHEREAS**, that same day, Plaintiff filed an Emergency Motion for Temporary Restraining Order or Preliminary Injunction requesting that the Court issue an order requiring ADCRR to return Plaintiff to his previous location at Central Unit where he has access to his blind aide, or, alternatively, to provide him with an appropriate blind aide at his current location at Browning Unit;

**WHEREAS**, on April 14, 2022, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), dismissed without prejudice the Doe defendants, dismissed Plaintiff's separate cause of action for declaratory and injunctive relief because those forms of relief are remedies not causes of action, and found that Plaintiff had sufficiently alleged Eighth Amendment, ADA, and Section 504 claims against the remaining named Defendants;

**In consideration of Plaintiff's agreement to dismiss the Lawsuit as described below, IT IS THEREFORE STIPULATED AND AGREED** that:

1. ADCRR shall designate one correctional officer, CO III, or such other employee, contractor, or agent who shall serve as Plaintiff's blind aide (hereafter "Blind Aide") and who shall provide Blind Aide Services throughout the remainder of Plaintiff's placement on Death Watch, in accordance with the following:

   a. Any and all information or observations (the "Confidential Information") obtained by the Blind Aide shall be considered privileged under the work-product or attorney-client privileges, will remain confidential, and will not be subject to disclosure in any form whatsoever. The Blind Aide will not provide any Confidential Information to Defendants, their agents, officials, employees, and/or contractors, or any other individual.

      b. The Blind Aide will not memorialize any Confidential Information the Blind Aide obtains while serving in the capacity of Plaintiff's Blind Aide. The Blind Aide will not place any Confidential Information obtained in this capacity in any departmental or individual file, or in any other location other than the locations directed by Plaintiff.

      c. Plaintiff will not be considered to waive or have waived the attorney-client or work-product privileges by receiving Blind Aide Services from any Blind Aide.

      d. Defendants, their agents, officials, employees, and/or contractors will not seek Confidential Information from the Blind Aide(s).

2. In the event a Blind Aide discloses Confidential Information (whether intentional or inadvertent), the Confidential Information shall nevertheless remain privileged and will not be subject to further disclosure, nor shall it be admissible in any legal proceeding. Moreover, Defendants will immediately inform Plaintiff's counsel of the disclosure, to whom it was made, and what was disclosed. Defendants will take appropriate action to prevent recurrences of such disclosures.

3. Defendants will ensure that any Blind Aide will acknowledge his/her duties hereunder to protect and preserve all Confidential Information, by requiring the Blind Aide to sign an "Agreement to Provide Blind Aide Services Subject to Confidentiality and Preservation of Attorney-Client and Work-Product Privileges" appended hereto as Attachment A.

4. Defendants agree that Blind Aide(s) or other individuals who interact with Plaintiff for the duration of his time on Death Watch shall verbally identify themselves to Plaintiff.

5. Defendants will ensure provision of the following accommodations and services in the period leading up to and during Plaintiff's scheduled execution:

      a. While being transported to Housing Unit 9 and from the holding cell to the execution chamber, Plaintiff will be escorted and assisted by ADCRR staff.

        ADCRR will make available a wheelchair to facilitate transport. Plaintiff will be transported in the wheelchair only upon his request or if he is unable to walk while being escorted and assisted. Once Plaintiff is in the holding cell, the Blind Aide will verbally describe for Plaintiff the space layout of the holding cell and surrounding area.

    b. Upon entering Housing Unit 9, a staff member will verbally describe for Plaintiff the space layout of the execution chamber, including the holding cell, execution table, and location of witnesses, using clock or compass directions.

    c. Defendants will designate a person or persons to narrate to Plaintiff events and all other activities that would be observable to a sighted person in the same location. That narrator will provide an explanation of the IV insertion process as it is happening and answer any questions Plaintiff has about his surroundings and observable ADCRR staff activities.

    d. All ADCRR staff, including but not limited to the IV Team members and Restraint Team members, will verbally alert Plaintiff before touching his person and will describe to him any procedures before they are performed.

6. The parties do not hereby intend to settle any pending litigation between Plaintiff and Defendants other than the Lawsuit, and Plaintiff expressly reserves the right to raise other challenges to his scheduled execution.

7. The terms hereinabove shall be submitted to the Court and be made subject to an Order enforceable by the Court. The Lawsuit shall be dismissed without prejudice, subject to the Court's retention of jurisdiction to enforce its Order that the parties adhere to the terms of this Agreement.

///

///

///

///

**IT IS SO STIPULATED.**

Respectfully submitted this 20th day of April, 2022.

| | |
|---|---|
| Jon M. Sands<br>Federal Public Defender | Jeffrey L. Sparks<br>Acting Chief Counsel<br>Capital Litigation Section |
| Alison Y. Rose<br>Amanda C. Bass<br>Eric Zuckerman<br>Jennifer M. Moreno<br>Assistant Federal Public Defenders | Office of the Attorney General |
| By: s/ Alison Y. Rose<br>Counsel for Plaintiff | By: s/ Jeffrey L. Sparks<br>Counsel for Defendants |

**Certificate of Service**

I hereby certify that on April 20, 2022, I electronically filed the foregoing Stipulated Settlement Agreement and [Proposed] Order with the Clerk's Office using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Kat Esparza
Assistant Paralegal
Capital Habeas Unit